**CARMICHAEL FINANCE COMPANY**
**et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 4498.**

Court of Civil Appeals of Texas, Eastland.

Dec. 10, 1971.

Rhodes & Seamster, Don N. Seamster, Abilene, for appellants.

Ed Paynter, Dist. Atty., Lynn Ingalsbe, Asst. Dist. Atty., Abilene, for appellee.

COLLINGS, Justice.

This suit was originally brought by the State of Texas for the forfeiture of a 1969 Chevrolet Corvette automobile under the provisions of Article 725d of the Vernon's Ann. Texas Penal Code. Carmichael Finance Company, a partnership composed of Art Carmichael and Stanley Carmichael, intervened as the holder of a valid lien on such automobile. Upon a hearing before the court without a jury it was held that the lien of the Carmichael Finance Company was not bona fide, and it was ordered the vehicle be forfeited to the State of Texas. Carmichael Finance Company filed a motion for new trial which was overruled from which action of the court this appeal is brought.

Appellants in their brief set out a statement of the nature and result of the case with which appellee agrees. The statement is substantially as follows: That one David Lance Carmichael was on December 1, 1970 arrested by the City Police of Abilene on a traffic warrant. At the time of the arrest he was driving the automobile in question and a search by the officers at that time revealed a small quantity of marijuana. The record title to the automobile in question was at the time vested in Carmichael-Westmoreland Lincoln Mercury Company. The evidence shows that Carmichael Finance Company provided the financing for Carmichael-Westmoreland to purchase used automobiles; that in the ordinary course of business, appellant paid for automobiles chosen by representatives of Carmichael-Westmoreland; that such automobiles remained in the possession of Carmichael-Westmoreland and that the certificates of title remained with Carmichael-Westmoreland; that both parties to such agreement, appellant and Carmichael-Westmoreland agreed and understood that appellant, at all times, retained a lien on such motor vehicles, and that the indebtedness secured thereby would be paid at the time the vehicles were sold. The possession of the automobile by David Lance Carmichael was with the consent of the record owner. Carmichael-Westmoreland Lincoln Mercury Company is a partnership composed of Stanley Carmichael and Gene Westmoreland. Stanley Carmichael is the father of David Lance Carmichael. Appellant Carmichael

Finance Company is a partnership composed of Art Carmichael and Stanley Carmichael.

Appellant presents two points of error in which it is contended that the court erred (1) in finding that there was no bona fide lien existing on the automobile in question at the time of its seizure and erred in ordering the automobile forfeited to the State of Texas.

The State agrees with appellants' contention that the case turns on the existence or non existence of a bona fide lien on the vehicle in question at the time of the seizure. However, contrary to the position of appellant the State contends that the disposition of the case is controlled by the provisions of Article 1436–1 of the Penal Code. Section 24 of that act defines a certificate of title and in Section 24(g) it is provided that one of the items required to be shown on the certificate of title is "the names and addresses and dates of any liens on the motor vehicle, in chronological order of recordation". The State agrees with appellants' contention that an oral lien on personal property is valid, but contends that the important consideration here is whether or not the unrecorded lien relied upon by appellant is valid as between the owner as shown by the certificate of title and third parties. The third party in this case is the State of Texas which seized the automobile. Section 42 and 44 of Article 1436–1, supra, provides as follows:

"Sec. 42. No lien on any motor vehicle shall be valid as against third parties without actual knowledge thereof or enforceable against the motor vehicle of any such third parties as the issuance of a certificate of title thereof, unless an application for a new title is made as prescribed in this Act and all first and subsequent liens noted by the Department thereon.

Sec. 44. No lien on any motor vehicle to which a receipt or certificate of title has been issued shall be valid as against third parties without actual knowledge thereof, or enforceable against the motor

vehicle of any such third parties, unless the notation of said lien shall have been caused to be made on receipts and certificates of title on said motor vehicle, as provided in this Act."

Appellee, the State of Texas contends and we agree, that it stands in the position of a "third party" without notice as contemplated by the statute. Birdwell v. Pacific Finance Corp., 259 S.W.2d 957 (Tex. Civ.App.1953, no writ hist.). .

For the reasons stated, we are of the opinion that appellants' oral lien on the automobile in question is not, and was not, a bona fide lien as between the owner and the third party, the State of Texas, at the time of the seizure of the automobile. The court, therefore, did not err in so holding and in forfeiting the automobile to the State of Texas.

The judgment is affirmed.