**MBANK GRAND PRAIRIE f/k/a Grand Prairie State Bank, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–86–137–CV.**

Court of Appeals of Texas,
Fort Worth.

Sept. 23, 1987.

Mazur, Hagle & Associates, William A. Mazur, Jr. and H. Scott Haid, Grand Prairie, for appellant.

---

Tim Curry, Criminal Dist. Atty., Dalton Gandy and Randall Moore, Assistants, Fort Worth, for appellee.

Before BURDOCK, JOE SPURLOCK, II and LATTIMORE, JJ.

OPINION

LATTIMORE, Justice.

Appellant, MBank of Grand Prairie, brings this appeal from a judgment forfeiting one 1984 Chevrolet truck, vehicle identification number 1GCDC14H3EJ117815, to the State of Texas, appellee herein, free and clear of any interest held by appellant. *See* TEX.REV.CIV.STAT.ANN. art. 4476–15 (Vernon 1976) (Controlled Substances Act).

Appellant brings two points of error alleging the trial court erred in not finding the forfeiture was subject to appellant's security interest in the vehicle, and that the trial court erred in not allowing MBank to replevy the vehicle.

The judgment is reversed and remanded.

On October 15, 1983, appellant entered into a financing agreement with Gary Gilbert d/b/a Gilbert Motors for the financing of one 1984 Chevrolet truck, vehicle identification number 1GCDC14H3EJ117815. A promissory note for $12,175.92 was signed by Gilbert as was a security agreement, both on behalf of Gilbert Motors. Gilbert Motors purchased the truck from Hudiburg Chevrolet, Inc.

On June 6, 1985 Gary Gilbert was arrested for conspiracy to distribute a controlled substance and for theft. The drug charge arose out of the sale of one ounce of cocaine by Gilbert to an investigator for the Texas Department of Public Safety Criminal Intelligence Service. The transportation and the sale of the cocaine occurred in the vehicle which is the subject of this appeal.

On June 14, 1985 the State petitioned the trial court to forfeit the vehicle pursuant to the Controlled Substances Act. On July 8, 1985, the vehicle was forfeited to the State by default. MBank had no notice of the forfeiture proceedings.

MBank filed a bill of review on November 26, 1985. The bill was heard on December 20, 1985 and granted on January 2, 1986 by the Honorable Tom Cave. The default judgment was set aside on the ground that the State failed to give appellant the required notice of forfeiture under the Controlled Substances Act, and a new trial was granted to determine MBank's interest in the vehicle. At the hearing on March 3, 1986, the court, the Honorable Gordon Gray presiding, announced it would protect MBank's interest in the vehicle up to $6,154, the balance of the note. However, on April 2, 1986, Judge Gray signed a judgment which held that MBank did not have a valid and enforceable security interest in the vehicle as against the State, and ordered that MBank take nothing. MBank filed a motion for new trial on May 2, 1986, which was overruled on May 8, 1986. MBank then perfected its appeal to this court.

This is a case of first impression presenting the issue of whether a party holding an unperfected security interest has a "bona fide" security interest under section 5.03(c) of the Controlled Substances Act. We must interpret the Controlled Substances Act in conjunction with Chapter 9 of the Business and Commerce Code and with the Certificate of Title Act.

The pertinent section of the Controlled Substances Act is set out as follows:

[Forfeitures]

    Sec. 5.03....

    ....

    (c) A forfeiture of property encumbered by a bona fide security interest is subject to the interest of the secured party if he neither had knowledge of or consented to the act which caused the property to be subject to forfeiture.

TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.03(c) (Vernon 1976).

The Certificate of Title Act reads in pertinent part as follows:

    Sec. 41. (a) Except for a security interest in motor vehicles held as inventory by a person who is in the business of selling motor vehicles, a security interest

in a motor vehicle that is the subject of a first or subsequent sale may be perfected only by notation of the lien on the certificate of title in accordance with this Act.

(b) A security interest in a motor vehicle held as inventory by a person who is in the business of selling motor vehicles may be perfected only by complying with Chapter 9 of the Business and Commerce Code.

TEX.REV.CIV.STAT.ANN. art. 6687-1, sec. 41 (Vernon Supp.1987).

By its first point of error, MBank contends its security interest should be protected against the State's forfeiture on three grounds. First, MBank argues its interest is a bona fide security interest under section 5.03(c) of the Controlled Substances Act and, therefore, a forfeiture of the vehicle is subject to its interest. Second, MBank argues the validity of its interest is not controlled by the Certificate of Title Act because inventory financing is exempted by section 41(b) of the Certificate of Title Act. Third, MBank argues that even an unperfected security interest is valid against third parties with actual knowledge of the existence of the security interest.

It is undisputed that at the time of the forfeiture MBank held a valid security interest in the vehicle. It is also undisputed that MBank neither had knowledge of nor consented to the act which caused the vehicle to be forfeited.

In analyzing the nature of MBank's interest, we turn to section 9.203, which provides that a security interest attaches and is enforceable when: (1) the collateral is in the secured party's possession or the debtor has signed a security agreement; (2) value has been given; and (3) the debtor has rights in the collateral. See TEX.BUS. & COM.CODE ANN. sec. 9.203 (Vernon Supp.1987). MBank has fulfilled each of the above requirements and has properly attached its interest. In addition to obtaining a security agreement, it is not insignificant that MBank retained possession of the manufacturer's certificate of origin.

MBank admittedly failed to perfect its security interest either by filing a financing statement under TEX.BUS. & COM.CODE ANN. sec. 9.401(a)(3), or by notation of the lien on the certificate under the Certificate of Title Act, sec. 41(a).

The State contends that since MBank failed to perfect by notation on the certificate of title, MBank was not entitled to notice of the forfeiture proceeding, and therefore, its interest is not "bona fide." The issue of notification was settled in favor of MBank at the bill of review level, wherein it was held MBank was entitled to notice. The State has raised no crosspoint challenging the correctness of that decision, and we need not address it. However, throughout its brief the State argues this issue, seemingly confusing it with the bonafides of MBank's interest in the vehicle. The issue at hand, MBank's interest in the vehicle, is a separate and distinct issue from whether MBank was entitled to notification of the forfeiture proceedings.

On the issue of perfection of the security interest, we do not find where an interest must be perfected to be "bona fide" under 5.03(c) of the Controlled Substances Act. Secured creditors should not be required to compete with the State for priority. The State's interest arises by operation of law. The State does not and should not stand in the shoes of a good faith purchaser or a creditor who has given value.

An unperfected security interest is subordinated under section 9.301 to five classes of creditors. See TEX.BUS. & COM.CODE ANN. sec. 9.301 (Vernon Supp. 1987). The State does not fall within any one of these classes outright, nor does the Controlled Substances Act elevate the State to a class within section 9.301.

The State cites Carmichael Finance Company v. State, 475 S.W.2d 312 (Tex. Civ.App.—Eastland 1971, no writ). In Carmichael, the lien was held to be not "bona fide." The appellant, Carmichael Finance Company, had an arrangement with a car dealership, Carmichael-Westmoreland Lincoln Mercury, to finance the purchase of used automobiles; Carmichael-Westmoreland retained the certificate of titles; the

parties orally agreed that appellant would retain a lien on the vehicles; the indebtedness would be repaid at the time the vehicles were sold. The car was seized incident to the arrest of David Lance Carmichael. The title was at that time held by Carmichael-Westmoreland.

The Eastland court held that appellant's oral lien on the vehicle was not a bona fide lien. The court reasoned that the former Certificate of Title Act, art. 1436–1 Texas Penal Code (Repealed) required that "[n]o lien on any motor vehicle shall be valid as against third parties without actual knowledge" unless noted on the certificate of title. *Id.* at 314. Therefore, an oral lien was not valid against the State in a forfeiture proceeding. However, as the State points out in its brief, the amended Certificate of Title Act, art. 6687–1, Texas Revised Civil Statutes, eliminates the above quoted language. Since *Carmichael* was based upon a prior law which has been repealed, we find it not controlling.

Section 41(a) of the current Certificate of Title Act only requires notation on the certificate to *perfect* the lien. We do not agree that only perfected liens are "bona fide" under the Controlled Substances Act as the State contends. If that was the Legislature's intent then the statute would so reflect. The Controlled Substances Act does not define "bona fide," as it is used in section 5.03(c). Therefore, we must supply its ordinary meaning unless the act clearly indicates that the Legislature intended to use the term in some other sense. Black's defines bona fide as "[i]n or with good faith; ... without deceit or fraud." BLACK'S LAW DICTIONARY 160 (5th Ed.1979). As between MBank and Gilbert, the security agreement was made in good faith, and created a bona fide security interest.

We do not agree with the State's contention that MBank's only recourse is against Gilbert. This argument flies in the face of the purpose of a secured interest which is that the collateral serves to assure repayment of the debt in case of default.

We sustain point of error number one based upon a finding that MBank held a bona fide security interest under section 5.03(c) of the Controlled Substances Act.

Appellant presents a second "issue" alleging the trial court erred in not allowing appellant to replevy the vehicle, under article 4476–15, section 5.07 and 5.08. However, since we are unable to discern if the vehicle is available for replevy we will not address this issue. In any event, we find that the trial court failed to protect appellant's security interest. It now remains for the trial court to determine the relief to which appellant is entitled under the facts that may be developed.

Accordingly, we reverse and remand to the trial court for proceedings consistent with this opinion.