Marlin L. STEWART and Candice Stewart, Husband and Wife, Plaintiffs and Appellants,

v.

Aldine J. COFFMAN, Jr., and Penelope Dalton Coffman, Coffman, Coffman and Woods, a professional corporation also known as Coffman and Coffman, Anthony M. Thurber, and Kenneth A. Okazaki, jointly and severally, Defendants and Respondents.

No. 860318–CA.

Court of Appeals of Utah.

Jan. 12, 1988.

Rehearing Denied Jan. 27, 1988.

**580**

Paul W. Mortensen (argued), Moab, for plaintiffs and appellants.

Tim Dalton Dunn (argued), Hanson, Dunn, Epperson & Smith, Salt Lake City, for defendant and respondent, Penelope Dalton Coffman.

William W. Barrett, Salt Lake City, for Okazaki.

Thomas L. Kay, Salt Lake City, for Thurber.

Stephen J. Hill, Snow, Christensen & Martineau, Salt Lake City, for Utah State Bar Ass'n intervenor.

Robert H. Wilde, Midvale, for Utah Trial Lawyers Ass'n intervenor.

Before JACKSON, ORME and DAVIDSON, JJ.

## OPINION

DAVIDSON, Judge:

Plaintiffs appeal from the final judgment of dismissal which dismissed defendant Penelope Dalton Coffman (Penelope) from a legal malpractice action brought by plaintiffs against several attorneys including defendants Penelope and Aldine J. Coffman, Jr. (Aldine). We affirm.

At the time the suit was filed, Penelope and Aldine were members of Coffman, Coffman and Woods, a professional corporation. Penelope filed a motion to dismiss herself as a defendant for failure of plaintiffs to state a cause of action upon which relief could be granted. The motion was denied because there were "no facts presented from which the Court can find as matter of undisputed fact that this Defendant, contrary to the allegations of the Complaint, had not [sic] personal involvement in the matters alleged." Subsequently, Penelope filed a motion to reconsider supported by her affidavit in which she stated:

2. Affiant is a member of the law firm Coffman, Coffman [and] Woods.

3. The law firm Coffman, Coffman [and] Woods is a professional corporation.

4. Affiant has not at any time undertaken to represent [plaintiffs] in any matter.

5. Affiant has not corresponded at any time with the [plaintiffs], or either of them, with regard to any legal matter.

6. Prior to the filing of this lawsuit, affiant never saw the file, never knew the contents of the file, never discussed with any other member of the lawfirm [sic] the contents of the file, and cannot contribute any information through discovery, having no personal [knowledge] of any of the events leading up to the filing of this lawsuit.

The motion to dismiss was granted. In its order of dismissal, the trial court stated that the undisputed facts showed that Coffman, Coffman and Woods was a P.C. and "although [Penelope], is a member of that corporation, she had no personal or professional involvement in the matters alleged in plaintiffs' Complaint, the Court concluded [sic] as a matter of law from those undisputed facts that there is no cause of action against [Penelope]."

The issue on appeal is whether a shareholder of a law firm organized under the Utah Professional Corporation Act (UPCA) is vicariously liable for the acts or omissions of another shareholder of the firm.

The appropriate standard of review dictates that "we accord conclusions of law no particular deference, but review them for

correctness." *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985).

## THE UTAH PROFESSIONAL CORPORATION ACT

■ The UPCA is delineated in Utah Code Ann. §§ 16–11–1 to –15 (1987). UPCA's purpose, is stated in § 16–11–3:

> This act shall be so construed as to effectuate its general purpose of making available to professional persons the benefits of the corporate form *for the business aspects* of their practices while preserving the established professional aspects of the personal relationship between the professional person and those he serves.

(Emphasis added.) In § 16–11–10, professional relationships are specifically addressed:

> This act does not alter any law applicable to the relationship between a person rendering professional services and a person receiving such services, including liability arising out of such professional services.

These sections establish that the UPCA provides the benefits of corporate status to professional corporations, but there is nothing therein which creates or extends vicarious liability to other shareholders.

The UPCA, in § 16–11–5, emphasizes that professional corporations are to be treated as other corporations:

> The Utah Business Corporation Act shall be applicable to professional corporations, and they shall enjoy the powers and privileges and be subject to the duties, restrictions and liabilities of other corporations, except where inconsistent with this act. This act shall take precedence in the event of any conflict with provisions of the Utah Business Corporation Act or other laws.

The Oregon Supreme Court in *Amfac Foods, Inc. v. International Systems & Controls Corp.*, 294 Or. 94, 654 P.2d 1092 (1982), presented a lengthy discussion concerning exceptions to shareholder immunity in the context of general corporate law.

However, the general rule is described as follows:

> The question of when and under what circumstances a shareholder becomes liable for a corporate obligation has troubled judges and lawyers for a century or so. Although corporate shareholders were not insulated from liability for debts of the corporation in common law England, shareholder insulation from such liability has been a cornerstone of corporate law in the United States since the nineteenth century. Virtually every state has a statute similar to [Oregon's],[1] which limits a shareholder's liability to the cost of the shares held.

*Id.* at 1096 (footnotes omitted). Following this general interpretation of corporate law and finding no specific justification in either the UPCA or the Utah Business Corporation Act, we hold that a shareholder in a corporation organized under the UPCA is not vicariously liable for the acts or omissions of another shareholder in the performance of professional service unless that shareholder has participated in the alleged acts or omissions.

## THE RULES OF PROFESSIONAL CONDUCT

■ The Utah Constitution art. VIII, § 4 states "The supreme court by rule shall govern the practice of law, including admission to practice law and the conduct and discipline of persons admitted to practice law." *See In re Disciplinary Action of McCune*, 717 P.2d 701, 704 n. 2 (Utah 1986); Utah Code Ann. § 78–2–4(3) (1987). It is argued that the Supreme Court, by adopting the Proposed Rules of Professional Conduct, scheduled to be effective January 1, 1988, has created vicarious liability for shareholder attorneys. However, this is not the case. The Scope section of the Proposed Rules contains the following statements:

> Failure to comply with an obligation or prohibition imposed by a Rule is a basis, for involving the disciplinary process.
> Violation of a Rule should not give rise to a cause of action nor should it create

1. Utah Code Ann. § 16–10–23 (1987).

any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability.

Accordingly, nothing in the Rule should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

In the Terminology section, "partner" is defined as "[denoting] a member of a partnership and a shareholder in a law firm organized as a professional corporation."

Rule 5.1 delineates the responsibilities of a partner or supervisory lawyer in law firms and associations. Rule 5.1(a) states a partner's obligation is to ensure reasonable efforts are made to be sure that all lawyers within the firm conform to the Rules. Rule 5.1(b) specifically requires supervisory lawyers to make reasonable efforts to ensure those lawyers they supervise conform to the Rules.

Rule 5.1(c) states:

> A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if:
>
> (1) the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or
>
> (2) the lawyer is a partner in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

The Comment to Rule 5.1 is also instructive. "Apart from this Rule and Rule 8.4(a),[2] a lawyer does not have disciplinary liability for the conduct of a partner, associate or subordinate. Whether a lawyer may be liable civilly or criminally for another lawyer's conduct is a question of law beyond the scope of these Rules." Clearly

the Utah Supreme Court is only concerned with potential disciplinary actions and has specifically refrained from addressing questions of civil liability. In regulating the practice of law, the Supreme Court has done nothing to change those principles of corporate law discussed earlier.

The dismissal of the trial court is affirmed. Costs against plaintiffs.

JACKSON and ORME, JJ., concur.

---

**2.** Rule 8.4(a): It is professional misconduct for a lawyer to: (a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.