CRAWLEY, Judge.
The State appeals from the trial court’s denial of its requested forfeiture of an automobile owned by Randolph Lewis Thompson. The Huntsville Police Department seized the vehicle on June 18, 1999. The district attorney, on behalf of the State, filed a forfeiture action on June 24, 1999. On November 9, 1999, Thompson filed a response to the forfeiture action. On November 18, 1999, Mayhall Title Pawn Company (“Mayhall”) filed a motion to intervene, which the trial court granted. Mayhall then filed a motion for summary judgment in which it contended that it was entitled to the automobile. After a hearing, the trial court denied the State’s forfeiture request and awarded the automobile to Mayhall.
Thompson had pawned the title to his automobile for $300 on April 26. The maturity date of the pawn was May 26. Thompson failed to pay the amount owed by June 26, and title to the automobile would have vested in Mayhall on that date. See Ala.Code 1975, § 5-19A-6 (providing that title to pawned property automatically vests in the pawnbroker 30 days after the maturity date of the pawn if the item is not redeemed).
Mayhall argues that it is the title owner of the automobile and that it had no knowledge of Thompson’s drug-trafficking activities and therefore was a bona fide owner, whose interest was, because of the terms of Ala.Code 1975, § 20-2-93(h), not subject to forfeiture. The State argues that May-hall was a bona fide lienholder on the date of seizure, June 18, but not a bona fide owner because, the State says, Mayhall’s right to title of the vehicle did not ripen until June 26, eight days after the seizure. The State cites Jester v. State, 668 So.2d 822, 825 (Ala.Civ.App.1995), to support its argument. In Jester, this court held that “a bona fide lienholder [or owner] is one who, before the seizure of the vehicle, had an ‘actual, good faith interest in the property not derived by fraud or deceit.’ ” Jester, 668 So.2d at 825 (quoting State v. One 1979 Pontiac Trans Am, 771 P.2d 682, 685 (Utah App.1989)).
The trial court must have concluded that Mayhall was a bona fide owner of the automobile. We disagree with that conclusion. Mayhall was not an owner of the automobile on the pertinent date, June 18 — the date the automobile was seized by the Huntsville Police Department. See Jester, 668 So.2d at 825. Instead, as the State concedes in its brief, Mayhall was a bona fide lienholder on June 18. As a bona fide lienholder, Mayhall is entitled to the amount of its interest in the automobile on June 18 — $300. See Singleton v. State, 396 So.2d 1050, 1055 (Ala.1981) (stating that the former forfeiture statute “contemplate[d] the forfeiture of encumbered conveyances, subject, of course, to the interests of secured parties”). The judgment awarding the automobile to Mayhall is reversed and the cause is re *979 manded with instructions for the trial court to conduct a forfeiture hearing to determine whether the automobile is subject to forfeiture under Ala.Code 1975, § 20-2-93(a)(5). If the automobile is subject to forfeiture, then it shall be awarded to the State, subject to Mayhall’s lien.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, J., concurs.
YATES, J., concurs in the result.
ROBERTSON, P.J., and MONROE, J., concur in the result only.