# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00782-CV

---

**AusPro Enterprises, LP, Appellant**

**v.**

**Richard W. Pearce, Appellee**

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-000112, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

AusPro Enterprises, LP, appeals the trial court's judgment declaring that property AusPro purchased from the United States government in 2012 is burdened by an easement granted to Richard W. Pearce in 1997. We will affirm.

### BACKGROUND

In 1997, Pearce purchased a right-of-way easement on and across property located on North Interstate Highway 35 in Travis County, Texas, from Sun Development, Inc. The grant of easement states that the easement "shall be used only for the purpose of erecting, placing, operating, maintaining, repairing and/or rebuilding" an illuminated advertising sign and that the easement "shall be in perpetuity and shall follow as a permanent right" if the property burdened by the easement is "sold, assigned, or transferred in any way." Since acquiring the easement,

Pearce has continuously used it and, in July 2004, he recorded the easement in the official public records of Travis County.

In February 2012, the United States Department of the Treasury, in conjunction with the Internal Revenue Service Criminal Investigation Division, posted a notice of an auction of real property including the property on which Pearce's easement was located. The property had been forfeited to the United States in connection with a federal criminal case against John Kenneth Coil.[1] *See* 18 U.S.C. § 1467(a)(2), (3) (person convicted of offense involving obscene material under chapter 71 of United States Code shall forfeit to United States such person's interest in property constituting or traceable to proceeds obtained from such offense and in property used or intended to be used to commit or to promote commission of such offense). The notice announced the auction of "26.26+/- acres of commercial land individually platted into 6 parcels" located on the east side of Interstate Highway 35 with portions of the property split between the City of Round Rock and unincorporated Travis County. The auction notice included as a "special condition" that: "Outdoor billboard on the property is owned by a third party and does not generate any income." AusPro purchased the property on which Pearce's easement was located at the auction. The United States, acting through the Internal Revenue Service, signed a Special Warranty Deed conveying the property to AusPro. The deed provided a warranty of title against any claim arising from the criminal proceeding against Coil. The Deed also provided:

> This conveyance is made subject to any and all singular the restrictions, easements, rights of way, reservations, maintenance charges together with any lien securing said maintenance charges, zoning laws, ordinances of municipal

---

[1] John Kenneth Coil pleaded guilty to charges of a violation of 18 U.S.C. § 1465 for transportation of obscene materials in interstate commerce for sale or distribution and a violation of 18 U.S.C. § 1342 for mail fraud by mailing a false IRS Form 1040. *See United States v. Coil*, 442 F.3d 912, 913 (5th Cir. 2006).

and/or governmental authorities, conditions and covenants, if any, applicable to and enforceable against the above described property as show by the records of the County Clerk of said County.

Approximately five years after AusPro purchased the property, its counsel sent a letter to Pearce stating that "any rights you may have had or thought you had to install the billboard on what is now my client's property were terminated through a forfeiture action." AusPro's counsel enclosed a copy of a lawsuit it had filed on AusPro's behalf in which AusPro claimed that Pearce's easement had become "a nullity" as a result of the forfeiture proceeding related to Coil's conviction. AusPro sought declarations that "the Sign Easement granted to [Pearce] was a nullity as a result of the forfeiture judgment" and that "AusPro took title to [the property] (including all improvements such as the subject sign) free and clear of any rights or claims of [Pearce] to any portion of [the property] or under the Sign Easement." AusPro also asserted causes of action for trespass and conversion, alleging that Pearce's "unauthorized use" of the property constituted trespass and that Pearce had converted AusPro's property by "collecting and retaining rents for the use of property it does not own."[2]

Pearce filed an answer and a counterclaim in which he alleged that AusPro's deed specifies that AusPro acquired the property "subject to" any easements, including the easement he purchased from Sun Development in 1997. Pearce sought declarations that the criminal forfeiture proceedings related to the Coil conviction had not impacted the status of his easement and that AusPro acquired the property subject to that easement.

---

[2] We understand this to refer to money Pearce collected from third parties for renting the sign, which AusPro alleged it took ownership of when it purchased the property from the United States.

3

AusPro and Pearce each filed competing motions for summary judgment on their requests for declaratory relief. After a hearing, the trial court denied AusPro's motion, granted Pearce's, and set AusPro's remaining claims for a bench trial. The trial court found that the summary judgment orders disposed of AusPro's claims for trespass and conversion and ordered that it take nothing on those claims. The trial court awarded Pearce $26,955 in attorneys' fees pursuant to the Uniform Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code § 37.009 (court may award costs and reasonable and necessary attorneys' fees as are equitable and just in proceeding brought under UDJA). AusPro then perfected this appeal.

## DISCUSSION

In three issues, AusPro challenges the trial court's order granting summary judgment in Pearce's favor on his request for declaratory relief. We review the granting of a summary judgment de novo.[3] When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented and render the judgment the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). The reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious. *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004).

---

[3] The standards for reviewing a summary judgment are well established and undisputed on appeal. *See e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also* Tex. R. Civ. P. 166(a). Accordingly, we need not repeat them here.

In this appeal, AusPro argues that the trial court erred in concluding that Pearce's easement was not forfeited to the United States during the criminal forfeiture proceedings related to Coil's indictment and conviction. Pearce contends that the trial court properly concluded that the forfeiture proceedings did not impact his right to the easement. To place these arguments in context, we first discuss the relevant forfeiture proceeding. Coil was indicted for several federal charges brought in connection with the federal government's investigation of racketeering, obscenity, fraud, and income tax evasion. Coil pleaded guilty to two charges and agreed to forfeit over 40 pieces of real property located in Texas. In September 2004, the federal district court signed a "Preliminary Judgment of Forfeiture, Order for Seizure and Order to Publish Notice of Preliminary Judgment of Forfeiture," which ordered that "all right, title and interest of Defendant John Kenneth Coil" in certain property, including the property burdened by Pearce's easement, was forfeited to the United States. *See* 18 U.S.C. § 1467(a)(2), (3) (defining property subject to forfeiture to United States by person convicted of offense involving obscene material). In November 2009, the federal court signed an order for final judgment of forfeiture of the property on which Pearce's easement was located. AusPro maintains that the forfeiture proceeding extinguished Pearce's easement and that the trial court erred in concluding otherwise. Pearce counters that, because he did not receive notice of the forfeiture proceeding as required by statute and as required to comport with due process, the forfeiture proceeding did not operate to deprive him of the easement. In their motions for summary judgment, and in this appeal, the parties join issue on whether Pearce's easement had been forfeited to the United States by virtue of the federal court's disposition of the Coil criminal forfeiture proceedings.

Proceedings for the criminal forfeiture of property pursuant to 18 U.S.C. § 1467(a) are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. *See* Fed. R. Crim.

5

P. 32.2; 18 U.S.C. § 1467(a); 21 U.S.C. § 853. The criminal forfeiture provisions of 21 U.S.C. § 853 authorize an *in personam* action against a defendant in a criminal case, and forfeiture in such a case is imposed as a sanction against the defendant upon his conviction. *See United States v. $39,000 in Canadian Currency*, 801 F.2d 1210 (10th Cir. 1986).[4] Section 853(a) limits forfeiture to property that the defendant "obtained . . . as the result of" the crime—i.e., "tainted" property—and defines forfeitable property solely in terms of the defendant's personal possession or use. *Honeycutt v. United States*, 137 S.Ct. 1626, 1632 (2017). When the Government seeks forfeiture of specific property, the court must determine whether the Government established the requisite nexus between the property and the offense of conviction. 21 U.S.C. § 853(a). Once this determination has been made, the court must promptly enter a preliminary order of forfeiture without regard to any third party's interest in the property. Fed. R. Crim. P. 32.2(b)(2). The entry of such an order authorizes the United States Attorney General to seize the specific property subject to forfeiture and to commence ancillary proceedings to address any third party's rights in the property. Fed. R. Crim. P. 32.2(b), (c); *see also United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002).

Once the court enters a preliminary order of forfeiture, it may determine whether any third parties have an interest in the forfeited property only if the third party files a timely petition in an ancillary proceeding. *See United States v. Marion*, 562 F.3d 1330, 1336-37 (11th Cir. 2009). At the conclusion of the ancillary proceeding, the court "must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2). If, however, no third party files a timely petition, "the preliminary

---

[4] By contrast, civil forfeiture is an *in rem* proceeding wherein the subject property is treated as being itself guilty of wrongdoing. *United States v. One 1976 Mercedes Benz 280S, Serial No. 11602012072193*, 618 F.2d 453 (7th Cir. 1980).

order of forfeiture becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable under the applicable statute." *Id.* Once the final order of forfeiture has been entered, neither the defendant nor a third party may object on the ground that a codefendant or a third party had an interest in the property. *Id.*

An ancillary proceeding constitutes the sole means by which a third-party claimant can establish entitlement to return of forfeited property. *See* 21 U.S.C. § 853(n)(2); *Libretti v. United States*, 516 U.S. 29, 44 (1995) ("[T]hird-party claimants can establish their entitlement to return of the [forfeited] assets only by means of the hearing afforded under 21 U.S.C. § 853(n)."). In fact, section 853 affirmatively bars third-party claimants from intervening in a trial or appeal of a criminal case involving the forfeiture of the subject property, as well as from commencing an action against the Government concerning the validity of an alleged interest in the property. 21 U.S.C. § 853(k). These provisions confer limited rights on third-party petitioners "to participate only in the ancillary forfeiture proceeding, not in the criminal case." *United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010). Thus, participation in the ancillary proceeding is the only opportunity for a person with an interest in property seized in connection with a criminal forfeiture proceeding to assert its rights in the property and avoid those rights becoming vested in the United States. *See DSI Assocs. LLC v. United States*, 496 F.3d 175, 184-85 (2d Cir. 2007) (holding third party could not intervene by challenging underlying validity of forfeiture order rather than filing ancillary proceeding).

Because third parties' rights and interests in property seized as part of a forfeiture proceeding are in jeopardy, due process requires that third parties receive adequate notice of the ancillary proceeding so that they may have a meaningful opportunity to assert their rights. *See Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Section 853(n)

7

provides that, following the entry of a preliminary order of forfeiture, the Government "shall publish notice of the order and of its intent to dispose of the property," and "may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property." 21 U.S.C. § 853(n)(1). The phrase "direct written notice" is not defined in the criminal forfeiture statute and, at the time the preliminary order of forfeiture in the Coil forfeiture proceeding was entered, Federal Rule of Criminal Procedure 32.2 did not explicitly address what type of notice the Government was required to give to potential third-party claimants. *See* Fed. R. Crim. P. 32.2.[5] However, the Advisory Committee Notes accompanying the rule's initial adoption acknowledged that "[t]he notice provisions regarding the ancillary proceeding are equivalent to the notice provisions that govern civil forfeitures." *See id.*, advisory committee's notes (2000 Adoption). That approach was consistent with the well-established principle that ancillary proceedings to a criminal forfeiture prosecution are considered civil cases. *See United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003) (concluding that ancillary proceedings under 21 U.S.C. § 853(n) are civil cases). Thus, federal courts have held that ancillary proceedings must comport with prevailing due process requirements governing adequate notice. *See, e.g.*, *United States v. Davenport*, 668 F.3d 1316, 1322 (11th Cir. 2012).

The United States Supreme Court has long held that due process is satisfied when notice "is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane*, 339 U.S. at 314. Due process does not require that an interested party actually receive notice of the proceedings, nor does it demand that the Government employ

---

[5] Effective December 1, 2009, Rule 32.2 was amended to provide that the Government "must publish notice of the [forfeiture] order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." *See* Fed. R. Crim. P. 32.2(b)(6)(A).

the best or most reliable means of ensuring notice. *See Dusenberry v. United States*, 534 U.S. 161, 170 (2002). Rather, the inquiry is whether the Government's attempt to provide notice is, under all the circumstances, reasonably designed to apprise the parties in interest of the existence of the forfeiture action. *See United States v. One Star Class Sloop Sailboat*, 458 F.3d 16, 23 (1st Cir. 2006) (citing *Mullane*, 339 U.S. at 314). When the Government knows or can easily ascertain the identity and whereabouts of a potential claimant, reasonableness requires the Government, at a minimum, to take easily available steps in its attempt to notify the claimant. *See Lombard v. United States*, 356 F.3d 151, 155 (1st Cir. 2004). When attempting to identify and locate potential claimants the Government is not required to undertake an endless or open-ended investigation, but it must exercise a degree of diligence commensurate with the circumstances. *See, e.g.*, *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). "If, however, the government has easy access to a lead that it knows (or reasonably should know) is potentially fruitful, it has some duty to elicit the available information and take reasonable action in response to it." *One Star Class Sloop Sailboat*, 458 F.3d at 24. Thus, when the Government could, with reasonable diligence, ascertain the identity of a potential claimant, relying on secondary measures—such as notice by publication—may not comport with due process. *See Small v. United States*, 136 F.3d 1334, 1338 (D.C. Cir. 1998) (if Government possesses "piece of information that a reasonable person would use to locate the claimant," it is constitutionally obligated to try "unless it would be burdensome to do so").

In its first issue, AusPro asserts that because Pearce failed to assert his rights or interest in the seized property in an ancillary proceeding pursuant to 21 U.S.C. § 853(n), he forfeited any such rights to the United States. *See Libretti*, 516 U.S. at 44. Indeed, the final order of forfeiture provides:

> IT IS FURTHER ORDERED that any and all right, title, and interest of any and all potential petitioners in the Subject Property, save and except for Travis County, Travis County Emergency Services District No. 2 and Travis County Hospital District Tax Offices and Round Rock Independent School District in Travis County, Texas on the Subject Real Property be, and hereby is, held in default and forfeited to the United States of America; and IT IS FURTHER,
>
> ORDERED that the Subject Real Property be, and hereby is, forfeited to the United States of America and clear title is hereby vested in the United States.

Pearce counters that the Government failed to provide him notice of the forfeiture proceeding sufficient to comport with the due process required before he could be divested of his easement.[6] Pearce maintains that the trial court correctly granted his request for a declaration that the forfeiture proceeding did not impact his easement.

Pearce's request for declaratory relief affirming his continuing ownership of the easement is, in essence, a collateral attack on the federal court's order of forfeiture. *See Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) ("A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against."). Only a void judgment may be collaterally attacked. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). A judgment is void only when it is apparent that the court rendering judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Id.* Pearce contends that the failure to provide him adequate notice of the forfeiture proceeding

---

[6] The summary judgment record includes the federal court docket sheet reflecting publication of a notice of the preliminary judgment of forfeiture in several publications including the Killeen Daily Herald, the Waco Tribune, and an unidentified Travis County newspaper. Although Pearce questions the evidentiary value of the docket sheet entries, we will assume that the United States complied with the court's order to publish notice of the preliminary judgment of forfeiture in "newspapers of general circulation" in fourteen Texas counties, including Travis County, for three consecutive weeks.

deprived the court of jurisdiction to adjudicate his rights. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012) ("[W]e hold that a judgment may also be challenged through a collateral attack when a failure to establish personal jurisdiction violates due process.").

The undisputed summary judgment evidence establishes that Pearce recorded his easement in the official public records of Travis County in July 2004. Thus, the recording preceded the date on which the federal district court ordered the United States to publish notice of the preliminary judgment of forfeiture—September 13, 2004. In an affidavit attached to his motion for summary judgment, Pearce averred that he was not notified of any obligation to assert his interest in the property in the forfeiture proceeding and was first notified of AusPro's contention that his easement had been forfeited to the United States when counsel for AusPro sent him a letter in January 2017. Pearce also averred that since purchasing the easement in 1997, he had used it in a manner that was open and notorious and could clearly be seen from any direction. As evidence that the United States was aware of his easement, Pearce's affidavit referred to the Notice of Sale advertising the auction of the property seized from Coil, which noted as a "Special Condition" that: "Outdoor billboard on the property is owned by a third party and does not generate any income."

Despite Pearce's recorded easement and the presence of the billboard on the property, the United States did not provide Pearce with direct written notice of the forfeiture proceeding. Due process required the Government to exercise a reasonable degree of diligence to ascertain the identity of any potential third party claimants in the seized property and to take easily available steps to notify them of the forfeiture proceeding. A search of the Travis County public records would have identified Pearce as a person with an interest in the property entitled to notice. As Pearce points out, the Government could also have requested that Coil provide it

11

with the identity of anyone to whom he had granted any rights in the seized property. Because reasonable diligence would have revealed that Pearce was a potential claimant to a right in the forfeited property, mere notice by publication did not comport with due process. *See Small*, 136 F.3d at 1338.

AusPro contends that Pearce's knowledge that Coil had been indicted and that his property had been seized by the United States constituted actual notice that his easement was at risk such that the Government's failure to provide him with direct written notice did not deprive him of his right to due process. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 36 (1st Cir. 2001) (putative claimant's actual knowledge of forfeiture proceeding can defeat subsequent due process challenge, even if Government fails in its obligation to furnish him with notice). AusPro submitted as summary judgment evidence documents Pearce produced in discovery, including Pearce's handwritten notations on a copy of a June 14, 2004 press release announcing Coil's guilty plea, which indicated that some properties would be sold in three to six months and that "others will go to sale after a resentencing hearing" that was originally set for May 2006 but had been postponed. AusPro also submitted copies of a May 2006 email exchange between Pearce and a property manager for one of the forfeited tracts of land expressing an interest in purchasing the property. As an initial matter, the documents do not demonstrate that Pearce had actual notice of the forfeiture proceeding that AusPro contends extinguished Pearce's easement *before* the order of forfeiture was signed in November 2004. The notations and the dates of the emails indicate that they are from the 2006 time frame, long after the federal court had signed the November 2004 order that AusPro contends extinguished Pearce's easement. Furthermore, even if Pearce had knowledge of the forfeiture proceedings when they were ongoing, the court filings included in the summary judgment record would not have put him on notice that the

12

United States intended to include his easement in the property it was seeking to have forfeited to the Government. For example, in the preliminary order of forfeiture filed in September 2004, the forfeited property is identified as "all right title and interest *of Defendant John Kenneth Coil*" in the real property seized by the United States. While the preliminary order of forfeiture could have apprised Pearce that *Coil's* interest in the property was part of the forfeiture proceedings, it was insufficient to put Pearce on adequate notice that the forfeiture action covered *his* interest in the property. *See United States v. Estevez*, 845 F.2d 1409, 1410 (7th Cir. 1988) (notice that called for limited and specific forfeiture of "any financial interest" of certain defendants in real property held insufficient to put alleged true owner of property on notice that forfeiture action covered his title).[7]

Because the summary judgment evidence establishes that Pearce was not provided notice of the forfeiture proceedings sufficient to comport with due process, the trial court correctly concluded that the forfeiture proceedings did not operate to extinguish Pearce's easement. We overrule AusPro's first issue.

In its second issue, AusPro asserts that the Government's interest in the property where Pearce's easement is located "related back to 2003" when the crimes giving rise to the forfeiture were committed. *See* 21 U.S.C. § 853(c) ("All right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section."). It is undisputed, however, that Pearce acquired the easement

---

[7] That the Government may not have intended to include Pearce's easement in the forfeiture action could explain its failure to provide Pearce with notice pursuant to 21 U.S.C. § 853(n) as well as its inclusion of the "Special Condition" information about the third-party owned billboard in the auction notice and the fact that the warranty deed provided to AusPro stated that the conveyance was "made subject to any and all singular the restrictions, easements, rights of way, . . . applicable to and enforceable against the [property conveyed] as shown by the records of the County Clerk of [Travis] County."

in 1997.  AusPro presented no summary judgment evidence of the dates that Coil is alleged to have committed the crimes that resulted in forfeiture of the property on which Pearce's easement is located but, even assuming that they were committed in 2003 as AusPro claims, that does not predate Pearce's acquisition of the easement.  Relying on Texas Property Code section 13.001, AusPro also argues that because Pearce's easement was not recorded until 2004, the Government's title to the property was not subject to the easement.  *See* Tex. Prop. Code § 13.001(a) ("A conveyance of real property or an interest in real property [] is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.").  We disagree.  The United States was not a subsequent purchaser of the property; rather, it seized the property through a criminal forfeiture proceeding under federal law.  Nor was the United States a lien creditor.  In the context of a forfeiture pursuant to 21 U.S.C. § 853, the Government does not take on the role of a lien creditor.  *See United States v. Agnello*, 344 F. Supp. 2d 360, 369 (E.D.N.Y. 2004); *see also MBank Grand Prairie v. State*, 737 S.W.2d 424, 426 (Tex. App.—Fort Worth 1987, no pet.) (holding that, in criminal forfeiture proceeding, State's interest arises by operation of law and "the State does not and should not stand in the shoes of a good faith purchaser or a creditor who has given value").  Because the summary judgment evidence does not establish that Coil committed the crimes giving rise to the forfeiture before 1997 and because Texas Property Code section 13.001 has no application here, we overrule AusPro's second issue.

In its third issue, AusPro argues that Pearce's easement, once extinguished by the forfeiture proceeding, cannot be "revested" by virtue of either (1) the fact that the auction notice included a statement that "[o]utdoor billboard on the property is owned by a third party and does not generate any income" or (2) the fact that the warranty deed conveying the property to AusPro

14

provided that that conveyance was subject to any easements recorded in Travis County. Because we have concluded that the forfeiture proceedings did not operate to extinguish Pearce's easement, we need not address this issue.

## CONCLUSION

Having overruled AusPro's challenges to the trial court's determination that Pearce was entitled to summary judgment on his request for declaratory relief, we affirm the trial court's order granting the declaratory relief Pearce requested.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed:  November 14, 2019